UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEANNA TUPPER,

    Plaintiff,

v.                       Case No: 2:16-cv-361-FtM-29MRM

ROSSMAN REALTY GROUP, INC.,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on the defendant's Motion for Summary Judgment (Doc. #41) filed on December 13, 2017. Plaintiff filed a Response in Opposition (Doc. #45) and Notice of Filing the Declaration of D. Tupper (Doc. #46) on December 28, 2017. The motion will be denied as to a daily penalty, the only relief which is currently being sought by plaintiff.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citation omitted).

**II.**

The undisputed facts are as follows: Defendant Rossman Realty Group, Inc. (Rossman) is a realty and property management company with approximately 50 employees. Plaintiff Deanna Tupper (plaintiff or Tupper) was hired as an employee by Rossman on or around October 19, 2015, as a title processor/closer. Rossman offers its employees a group health insurance plan covered by the Employee Retirement Income Security Act (ERISA). Rossman is the employer and the Plan Administrator, and plaintiff become a plan participant effective January 1, 2016.

On February 25, 2016, plaintiff was terminated, which was a "qualifying event" triggering the Consolidated Omnibus Budget Reconciliation Act (COBRA) notice requirements. The normal procedure upon such an occurrence is that Rossman notifies its agency (Brown & Brown) which logs into the United Healthcare system to trigger delivery of the COBRA notice to the employee. The notice is auto-generated through the United Healthcare's Employer

Eservices and sent via First Class Mail to the plan participant's last known address.

In plaintiff's case, Rossman employee Lynn O'Connell, at the direction of the Office Manager Julie Gorman, emailed Brown & Brown on March 2, 2016, notifying them of plaintiff's qualifying event. Rossman requested that all coverage be terminated, and that the COBRA notice be sent to Tupper. Brown & Brown's Employee Benefits Account Manager stated that the requests would be completed by the following Monday. Brown & Brown did terminate plaintiff's coverage, but due to either a human error or a computer error, the COBRA notice was not auto-generated and not sent at that time.

Rossman first learned that the notice was not sent or received when it was served with plaintiff's Complaint, around May 16, 2017. On May 27, 2016, to cure the error, Rossman's Office Manager generated a notice and mailed it to plaintiff's last known address. Defendant concedes this was 48 days after the April 9, 2016 deadline. The notice gave plaintiff the option to elect retroactive coverage and continuing coverage under COBRA. Plaintiff did not make the election.

### III.

A group health plan must provide "written notice to each covered employee and spouse of the employee (if any) of the rights to continuing coverage." 29 U.S.C. § 1166(a)(1). An employer "**must** notify the administrator of a qualifying event" within 30

3

days of a qualifying event. 29 U.S.C. § 1166(a)(2) (emphasis added). "The COBRA notification requirement exists because employees are not expected to know instinctively of their right to continue their healthcare coverage." Cummings v. Washington Mut., 650 F.3d 1386, 1391 (11th Cir. 2011). "Simply hiring an agent and then instructing the agent to send notice is not sufficient to satisfy the statute, where there is no evidence that the agent sent out a notice to the plaintiff, nor any evidence that the principal took the necessary steps to ensure that the agent would, in all cases, make such notification." Scott v. Suncoast Beverage Sales, Ltd., 295 F.3d 1223, 1231 (11th Cir. 2002).

Rossman admits that it failed to send a *timely* notice of COBRA coverage, and therefore has essentially admitted liability for the only remaining claim. Rossman's argument that it has no liability because it acted in good faith through means that were reasonably calculated (but completely unsuccessful) to ensure actual receipt of notice (Doc. #41, pp. 9-10) is without merit. As the Eleventh Circuit has stated:

> Here, Suncoast tries to extend the good faith language from these cases to cover a situation in which it has contracted with a third party to send the notice, but there is no evidence that any notice was ever sent by that third party. But Suncoast has cited no case where an employer or administrator was relieved of liability because it had contracted its notification obligations out to a third party. To stretch the good faith language that far would essentially permit an employer to

4

> contract away an obligation specifically assigned to it under the statute. Simply hiring an agent and then instructing the agent to send notice is not sufficient to satisfy the statute, where there is no evidence that the agent sent out a notice to the plaintiff, nor any evidence that the principal took the necessary steps to ensure that the agent would, in all cases, make such notification.

Scott, 295 F.3d at 1231.

Rossman is correct that the only damages plaintiff now seeks is the discretionary civil penalties provided in 29 U.S.C. § 1132(c)(1). Rossman seeks summary judgment as to these penalties, asserting that civil penalties cannot be imposed as a matter of law because plaintiff has not suffered any damages or prejudice and defendant acted in good faith (Doc. #41, pp. 13-15.) Rossman is incorrect.

A plan administrator who fails to provide timely COBRA notice "may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $[110][1] a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper." 29 U.S.C. § 1132(c)(1). "The precise relief and amount are left to the district court's discretion. So, a plaintiff will not automatically and always be entitled to statutory penalties for

---

[1] The statutory remedy was for up to $100 days, but was increased for violations occurring after July 29, 1997, to $110 a day. 29 C.F.R. § 2575.502c-1.

5

the entire period before suit was filed: the district court has discretion to limit appropriately the defendant's liability, given all the circumstances, including the diligence of both parties." Cummings, 650 F.3d at 1391. Prejudice is a factor to be considered, however it is not required and is not a prerequisite to penalizing a violation of the notice requirement. Scott, 295 F.3d at 1232.

The Court finds that the undisputed material facts support liability, and that no legal basis precludes consideration and imposition of a daily penalty. Defendant's summary judgment motion is denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Summary Judgment (Doc. #41) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of March, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

6